**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELO OROZCO-CORTEZ, | No. 05-74737 |
| Petitioner, | |
| v. | Agency No. A090-209-918 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2010
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Marcelo Orozco-Cortez petitions for review of the Board of Immigration

Appeals' decision denying his appeal from an Immigration Judge's (IJ) order

denying his application for cancellation of removal. Assuming we have

jurisdiction to review the issues presented by this appeal, without articulating the

bases therefore, we deny the petition.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

**1.    Abandonment of Lawful Permanent Resident (LPR) Status**

The government bears the burden of establishing an alien's abandonment of his LPR status by clear and convincing evidence. *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003).  Although the record is unclear about what standard of proof the IJ applied in finding that Orozco-Cortez abandoned his LPR status, it contains substantial evidence upon which to find that the government met its burden under the clear and convincing evidence standard.  Orozco-Cortez admitted that he fled the United States and remained in Mexico for two years in order to avoid prosecution for attempted murder.  Orozco-Cortez also admitted that, at the time he fled to Mexico, he did not think about when, if ever, he would return to the United States.  That admission constitutes clear and convincing evidence that Orozco-Cortez abandoned his LPR status. *See Chavez-Ramirez v. INS*, 792 F.2d 932, 936-37 (9th Cir. 1986) (stating rule that a departing LPR who does not maintain a continuous, uninterrupted intent to return to the United States may be found to have abandoned his LPR status).  Orozco-Cortez's contacts with the United States during and after his absence are insufficient to rebut the strong evidence of abandonment arising from the reason for his departure and his

2

admitted lack of an articulated intent to return. *See Matter of Huang*, 19 I. & N. Dec. 749, 753 (BIA 1988) ("[T]he intention of the alien, when it can be ascertained, will control.").

Orozco-Cortez's related arguments—that the IJ denied him due process by failing to hold an evidentiary hearing during which Orozco-Cortez could present additional evidence of his intent to retain his LPR status, and also by applying the wrong standard of proof— both fail. To establish a due process violation, Orozco-Cortez must show (1) that the proceeding was so fundamentally unfair that he was prevented from reasonably presenting his case, and (2) prejudice. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006).

First, although Orozco-Cortez is correct that he was entitled to an evidentiary hearing on the abandonment of LPR status issue, *see Landon v. Plasencia*, 459 U.S. 21, 36-37 (1982); *Huang*, 19 I. & N. Dec. at 754, he was granted such a hearing during which he was asked about the circumstances surrounding his departure. At that hearing, the IJ even requested additional briefing. Moreover, even if the IJ had been required to schedule further evidentiary hearings, Orozco-Cortez fails to show he was prejudiced by that failure because he fails to identify what other evidence he would have presented to the IJ that would have made any difference to the outcome of the proceedings.

3

Second, as previously explained, even if the IJ did not apply the heightened standard of clear and convincing evidence, there is substantial evidence in the record to show that Orozco-Cortez abandoned his LPR status under that heightened standard. Therefore, Orozco-Cortez cannot show prejudice.

**2. Denial of a Continuance**

Orozco-Cortez sought a continuance to permit his son to file a relative visa petition, based on which Orozco-Cortez could have sought a waiver of removal under § 1182(h). We review denial of a continuance for abuse of discretion. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988). Here, the IJ denied the request because, since the relative visa petition had not yet been filed, the outcomes of such a petition and related § 1182(h) waiver application were speculative. Moreover, the proceedings had already been under way for two years. Under these circumstances, we cannot say that the IJ abused his discretion in declining to further continue the proceedings.

In addition, Orozco-Cortez cannot establish that denial of the continuance violated his due process rights. Section 1182(h) waivers are granted only as a matter of discretion. The granting of such a waiver would depend upon a showing of "extreme hardship" to the alien's petitioning family member, and would potentially be unavailable to Orozco-Cortez given the nature of his crime and the

4

fact that he did not reside in the United States for seven years prior to the initiation of the immigration proceedings. *See* 28 U.S.C. § 1182(h). Under these circumstances, Orozco-Cortez fails to establish that the waiver of removal would have been granted. He therefore fails to establish prejudice.

**DENIED.**